UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE CO., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-01775 (VLB) |
| PIKE CO., INC., | : | |
|     Defendant. | : | July 6, 2009 |

**MEMORANDUM OF DECISION GRANTING
DEFENDANT'S MOTION TO DISMISS [Doc. #9]**

      The defendant, Pike Co., Inc. ("Pike"), moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss count two of the complaint filed by the plaintiff, Factory Mutual Insurance Co. ("Factory Mutual"). Pike argues that the economic loss doctrine requires the dismissal of count two, which alleges negligence, because it arises from the same set of facts as count one, which alleges breach of contract. For the reasons given below, Pike's motion to dismiss [Doc. #9] is GRANTED.

      The following facts are relevant to Pike's motion to dismiss. Factory Mutual issued a property insurance policy to the State of Connecticut ("state") that included coverage for the Buley Library ("library") at Southern Connecticut State University. Pike contracted with the state to serve as the general contractor for the expansion of the library. Pike then hired two subcontractors, one of which dug a trench adjacent to the library's foundation, and the other of which drilled holes in the foundation. On November 21, 2006, a water main in the trench broke, sending water through the drilled holes into the library's foundation.

Factory Mutual paid for the water damage to the library pursuant to its insurance contract with the state.  On November 21, 2008, exactly two years after the water damage occurred, Factory Mutual filed this subrogation action against Pike, alleging that Pike had breached its contract with the state and acted negligently in failing to prevent the water damage from occurring.  Factory Mutual grounds this Court's jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because Factory Mutual is a Rhode Island company with its principal place of business in that state, while Pike is incorporated and maintains its principal place of business in New York, and the amount in controversy exceeds $75,000.

Pike moves to dismiss count two of Factory Mutual's complaint, which alleges negligence.  The United States Supreme Court recently reexamined the standard governing a motion to dismiss:  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' . . .  [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . .  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . .  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. . . .

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . .  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'  Fed. Rule Civ. Proc. 8(a)(2)."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

Pike argues that Factory Mutual's negligence count must be dismissed

because the conduct at issue arose from Pike's performance of its contract with the state. However, Connecticut law permits contract and tort claims to coexist. See Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 579, 657 A.2d 212 (1995) ("The [plaintiffs] were not barred from pursuing a negligence claim solely because they also might have had a breach of contract claim."); Johnson v. Flammia, 169 Conn. 491, 496, 363 A.2d 1048 (1975) ("A party may be liable in negligence for the breach of a duty which arises out of a contractual relationship."); Dean v. Hershowitz, 119 Conn. 398, 408-409, 177 A. 262 (1935) ("[N]egligence may be the outgrowth of [a] precedent contractual relationship . . . . Where there is a precedent relationship, all that is necessary to furnish a basis for an action of negligence is that there be present the elements necessary to establish such a cause of action, and if that is so, that that relationship is one of contract is not sound reason why the action should not lie."). "To sustain an action in both tort and contract, however, on the basis of negligent performance of a contract, the plaintiff must allege facts and damages sufficient to maintain those causes of action separately." Bonan v. Goldring Home Inspections, Inc., 68 Conn. App. 862, 872 n.7, 794 A.2d 997 (2002).

    Despite the general rule allowing a plaintiff to pursue contract and tort claims simultaneously, Pike argues that this Court should apply the economic loss doctrine to bar Factory Mutual's negligence claim. "The economic loss doctrine is a judicially created principle which prohibits recovery in tort when the claim arises from a contract and only seeks economic losses." State v. Maximus,

Inc., 2009 WL 1142570 at *2 (Conn. Super. Ct. Apr. 1, 2009). The Connecticut Supreme Court has addressed the economic loss doctrine only once, affirming a Superior Court judge's decision granting a motion to strike a negligent misrepresentation claim in a case involving a contract for the sale of goods. Flagg Energy Development Corp. v. General Motors Corp., 244 Conn. 126, 153, 709 A.2d 1075 (1998). The Connecticut Supreme Court has not indicated whether the economic loss doctrine is relevant to other types of contracts, including a construction contract, which is at issue in the present case. Some Superior Court judges have applied the doctrine to other types of contracts, while other Superior Court judges have determined that the doctrine is limited to contracts for the sale of goods. See State v. Maximus, Inc., supra, 2009 WL 1142570 at *4 nn.3-4 (citing Superior Court cases that reach each of those conclusions). However, the issue remains unresolved, and the Connecticut Supreme Court declined to resolve it earlier this year in American Progressive Life & Health Ins. Co. of New York v. Better Benefits, LLC, 292 Conn. 111, 971 A.2d 17 (2009). In that case, the court recognized the split of trial court authority but determined that it was premature to expand the economic loss doctrine to business relationships that are not regulated by the Uniform Commercial Code, which governs contracts for the sale of goods. Id. at 119.

Due to the absence of binding authority regarding the economic loss doctrine in Connecticut, this Court declines to base its decision in the present case on that doctrine. Instead, the Court applies the general rule that a plaintiff

may pursue contract and tort claims simultaneously as long as the plaintiff has alleged sufficient facts and damages to maintain separate contract and tort causes of action.  The Court therefore examines Factory Mutual's complaint, which consists of 40 brief paragraphs of allegations in less than six pages.  The relevant paragraphs of the complaint are as follows:

<u>The Contract</u>

9. The contract [between Pike and the state] obligated Pike continuously and adequately to protect the work against damage from any cause.
10. The contract further obligated Pike to protect property and persons adjacent to the work.
11. The contract further obligated Pike to construct and maintain all necessary temporary drainage and to undertake all of the pumping necessary to keep the excavation, basements, footings, and foundation free from water.
12. The contract further obligated Pike to install bracing, shoring, sheathing, sheet piling, caissons, and any other underground facilities that might be required for safety.

<u>The Loss</u>

18. Pike . . . failed adequately to support and protect the water main.
23. Pike . . . failed to cover or otherwise protect [the holes drilled into the library's foundation].
24. On November 21, 2006, the unsupported and unprotected high-pressure water main separated at a push-on joint.

<u>Count I (Breach of Contract)</u>

31. The contract . . . required Pike to prevent the type of loss that occurred.

<u>Count II (Negligence)</u>

36. Pike had a duty to the [state] to exercise the care and skill of an experienced general contractor . . . .
37. As detailed above, Pike breached that duty.

>   38. As detailed above, Pike's breach of its duty caused the loss . . . .
>   39. As detailed above, [the state] suffered damages as a result of Pike's breach of its duty.

Considering the entire complaint, with a focus on those paragraphs, the Court concludes that Factory Mutual's allegations sound in contract and not in tort. The complaint indicates that the contract obligated Pike "to protect the work against damage from any cause" (¶9) and "to protect property and persons adjacent to the work." (¶10)  In describing the loss, the complaint alleges that Pike "failed adequately to support and protect the water main" (¶18) and "failed to cover or otherwise protect" the holes drilled into the library's foundation. (¶23) The factual allegations indicate that the germane cause of action is breach of contract because of Pike's alleged failure to protect against damage.

Although the complaint states the four elements of a negligence claim in ¶¶36-39, the last three elements begin with the phrase "as detailed above." There are no additional or different factual allegations that would distinguish the negligence claim from the breach of contract claim. The complaint merely assigns the alternative label of negligence to Pike's alleged breach of contract. In its memorandum in opposition to the motion to dismiss, Factory Mutual intimates that the tort damages may be separate and distinct from the contract damages, but Factory Mutual has not amended its complaint to distinguish the two claims. Therefore, the Court concludes that Factory Mutual has not alleged sufficient facts and damages to maintain a separate negligence claim.

Pike's motion [Doc. #9] to dismiss count two of Factory Mutual's complaint is GRANTED.

                                                    IT IS SO ORDERED.

                                                  /s/
                                       Vanessa L. Bryant
                                       United States District Judge

Dated at Hartford, Connecticut:  July 6, 2009.